```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

```
GLEN McDANIEL                    ]
     Plaintiff,                  ]
                                 ]
v.                               ]      No. 3:13-0904
                                 ]      Judge Campbell
DANNY JOE CHAPPELL               ]
     Defendant.                  ]
```

### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at a correctional facility in Newport, Arkansas. He brings this action pursuant to 42 U.S.C. § 1983 against Danny Joe Chappell, a driver for the Nashville based Prison Transportation Service of America, seeking injunctive relief and damages.

The defendant was the driver of a van transporting the plaintiff from the Cook County Jail in Chicago to the Clark County Jail in Arkadelphia, Arkansas. Somewhere in Ohio, the defendant swerved to avoid an accident. The plaintiff was thrown from his seat and suffered an injury to his neck and shoulder.

The defendant took the plaintiff to the nearest hospital where his arm was placed in a sling, the plaintiff was given medication for the pain, and the plaintiff was told to see an orthopedic surgeon for further examination. Upon arriving at the Clerk County Jail two days later, the defendant "past the medical information to

the Jail Administrator".

The plaintiff now seeks relief, alleging that the defendant denied him medical care in violation of the Eighth Amendment.[1]

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976).

Here, the plaintiff avers that the defendant took him to the nearest hospital after he suffered his injuries. The plaintiff was treated at the hospital and released back into the defendant's custody. Upon arriving at the Clark County Jail, the defendant made the Jail Administrator aware of the plaintiff's medical needs. The plaintiff has failed to set forth factual allegations from which one could infer that the defendant had been deliberately indifferent to his serious medical needs. As a consequence, the plaintiff has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss

---

[1] In an earlier action, the plaintiff sought relief from the defendant for his injuries based upon a negligence theory. Because negligence is not actionable under § 1983, that action was dismissed. See McDaniel v. Chappell, et al., Civil Action No.3:12-0106 (M.D. Tenn.)(Sharp, Kevin H., presiding).

the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                    _____
                                    Todd Campbell
                                    United States District Judge